UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>                Plaintiff,<br><br>        v.<br><br>C/O A. LICHINOV,<br><br>                Defendant. | Case No. 2:19-cv-07457-MWF-JC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.    INTRODUCTION

On August 28, 2019, plaintiff Keiron Elias, who is in state custody at the California State Penitentiary, Los Angeles County ("CSP-LAC"), is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") and multiple supporting documents.  (Docket Nos. 1-5).  Construed liberally, the Complaint appears to claim that the sole defendant – CSP-LAC Correctional Officer A. Lichinov – who is sued in his individual and official capacities – used excessive force against plaintiff.  (Comp. at 3, 5).  Plaintiff seeks $1 million in damages.  (Comp. at 6).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a plaintiff is permitted to proceed IFP and where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C.

§§ 1915(e)(2)(B), 1915A(a).  This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.[1]

## II.     THE COMPLAINT

The Complaint, construed liberally, alleges the following:

On April 12, 2019, defendant grabbed plaintiff, placed him in handcuffs, and moved plaintiff beyond five feet to a cage in the gym against plaintiff's will and without plaintiff's consent, thereby assaulting and falsely imprisoning him. (Comp. at 3, 5).  Defendant acted with deliberate indifference after having been placed on notice that he should not violate the peace, property or jurisdiction of "the KING" (presumably plaintiff).  (Comp. at 5).

## III.    DISCUSSION

Here, the Complaint is deficient in multiple respects, including those detailed below.

First, the Complaint does not state a viable Section 1983 claim against defendant Lichinov in his official capacity because the State – the real party in interest – is immune from this suit for damages.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  The Eleventh

---

[1]A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Amendment bars suits for money damages against states and their agencies under Section 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (dismissal of civil rights action "as to the Department of Prisons was proper" because "[t]he Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment"). (citations omitted). "California has not waived its Eleventh Amendment immunity with respect to claims brought under [Section] 1983 in federal court." Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Therefore, defendant, in his official capacity, is protected from this damages suit under the Eleventh Amendment. Id.

Second, the Complaint does not state a viable Section 1983 Eighth Amendment excessive force claim against defendant Lichinov in his individual capacity. "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986); (citation and internal quotation marks omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002). "The alleged pain may be physical or psychological." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Rather, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7; Wilkins, 559 U.S. at 37. Factors that may be considered in determining whether the use of force was wanton and unnecessary include: (1) the extent of injury the inmate suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the

3

1  responsible officials; and (5) any efforts made to temper the severity of a forceful

2  response.  Hudson, 503 U.S. at 7; Whitley, 475 U.S. at 321; Furnace v. Sullivan,

3  705 F.3d 1021, 1028-29 (9th Cir. 2013).

4       Here, at a minimum, the Complaint does not state a viable Eighth

5  Amendment excessive force claim because it neither alleges that defendant

6  inflicted any pain – let alone unnecessarily and wantonly– nor alleges that the

7  force used by defendant against plaintiff was anything other than de minimis.  See

8  Hudson, 503 U.S. at 9-10 ("Eighth Amendment's prohibition of cruel and unusual

9  punishments necessarily excludes from constitutional recognition de minimis uses

10 of physical force, provided that the use of force is not of a sort repugnant to the

11 conscience of mankind) (citations and internal quotations omitted).  To the extent

12 plaintiff may believe that the contents of his supporting documents establish that

13 he has somehow stated a viable claim, he is mistaken.  It is not the Court's

14 responsibility to sift through plaintiff's multiple submissions in an attempt to

15 glean whether plaintiff has an adequate basis upon which to state a viable claim.

16 Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges

17 are not like pigs, hunting for truffles buried in briefs") (citation omitted).

18 **IV.   ORDERS**[2]

19      In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is

20 dismissed with leave to amend.

21      IT IS FURTHER ORDERED that within twenty (20) days of the date of this

22 Order, plaintiff must do one of the following:

---

24      [2]The Court's orders herein constitute non-dispositive rulings on pretrial matters.  To the
25 extent a party disagrees with such non-dispositive rulings, such party may file a motion for
   review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the
26 extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has
   the right to object to this Court's determination that the rulings are non-dispositive within
27 fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party
28 does not seek review thereof, or object thereto.

4

1      1.     File a First Amended Complaint which cures the pleading defects set

2  forth herein;[3] or

3      2.     Sign and file the attached Notice of Dismissal which will result in

4  the voluntary dismissal of this action without prejudice; or

5      3.     File a Notice of Intent to Stand on Complaint, indicating plaintiff's

6  intent to stand on the original Complaint despite the pleading defects set forth

7  herein, which may result in the dismissal of this action in its entirety based upon

8  such defects.

9      **Plaintiff is cautioned that plaintiff's failure timely to file a First**

10 **Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on**

11 **Complaint may be deemed plaintiff's admission that amendment is futile, and**

12 **may result in the dismissal of this action with or without prejudice on the**

13 **grounds set forth above, on the ground that amendment is futile, for failure**

14 **diligently to prosecute and/or for failure to comply with this Order.**

15      IT IS SO ORDERED.

16 DATED:  August 29, 2019

17 _____/s/_____

18      Honorable Jacqueline Chooljian
        UNITED STATES MAGISTRATE JUDGE

19

20 Attachments

21 _____

22      [3]The Clerk is directed to provide plaintiff with a Central District of California Civil
   Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he
23 elects to proceed in that fashion.  Any First Amended Complaint must:  (a) be labeled "First
   Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original
24 Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2);
25 (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a));
   (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth
26 clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what the
   defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and
27 (g) not add defendants or claims that are not reasonably related to the claim asserted in the
28 original Complaint.