|    |    |    |
|----|----|----|
| 1  |    |    |
| 2  |    |    |
| 3  |    |    |
| 4  |    |    |
| 5  |    |    |
| 6  |    |    |
| 7  |    |    |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KEIRON ELIAS,          | Case No. 2:19-cv-07457-MWF-JC |
|------------------------|-------------------------------|
|         Plaintiff,     |                               |
|         v.             | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| C/O LACHINOV,          |                               |
|         Defendants.    |                               |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Original Complaint, the First Amended Complaint, and the operative Second Amended Complaint ("SAC"), the United States Magistrate Judge's Orders screening and dismissing the Original and First Amended Complaints with leave to amend ("Screening Orders"), and all of the records herein, including the February 11, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") and plaintiff's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

The Magistrate Judge recommends that plaintiff's Second Amended Complaint be dismissed without leave to amend for failure to state a federal claim

and that this action be dismissed with prejudice as to plaintiff's federal claims and without prejudice as to plaintiff's state law claims.

In the Objections, plaintiff contends that he has adequately stated a First Amendment free exercise claim based on the "lowered standard" that he personally established in a document that he served on defendant and other prison officers prior to the alleged incident. (Objections at 5-6, 17). Plaintiff asserts that this document "reduces the standard" for a First Amendment violation "from substantial burden to (1) Hinderence [sic][,] (2) Interference[,] and (3) punishment" for plaintiff's exercise of "mental therapy and religious free will, and peace." (Objections at 5-6). To state a Section 1983 claim, however, plaintiff must plausibly allege that defendant caused a deprivation of the plaintiff's *federal* rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff cannot define his own federal rights. Cf. Stone v. San Francisco, 968 F.2d 850, 861 n.20 (9th Cir. 1992) (as amended) ("For a constitutional violation the text of the Constitution determines the appropriate standard of conduct."), cert. denied, 506 U.S. 1081 (1993).

As the Magistrate Judge explained, to state a First Amendment free exercise claim, plaintiff must allege that a prison official's actions (1) "substantially burden[ed]" plaintiff's exercise of a sincerely held religious belief; and (2) did so in an unreasonable manner – *i.e.*, the official's actions were not "rationally related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-50 (1987) (citations omitted), superseded by statute on other grounds, 42 U.S.C. §§ 2000cc, et seq. Plaintiff cannot state a First Amendment free exercise claim based on vague allegations that Officer Lachinov's actions "interfere[d]" with his "religious peace" or caused him to be too depressed or anxious to perform his religious rituals (SAC at 8-9; Objections at 6), as these do

///

///

not amount to a "substantial burden" on plaintiff's religious exercise.[1]  See Jones v. Williams, 791 F.3d 1023, 1033 (9th Cir. 2015) ("[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego [his or] her sincerely held religious beliefs or to engage in conduct that violates those beliefs.") (citations omitted).

      Plaintiff also argues that he states an Eighth Amendment excessive force claim essentially because Officer Lachinov's actions were unnecessary and potentially harmful, physically and psychologically.  (Objections at 6-10).  However, even if plaintiff believes Lachinov's actions were unnecessary in the circumstances, the alleged facts fail to show that Lachinov acted "maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also id. at 7 (factors that may be considered in determining whether the use of force was wanton and unnecessary include:  (1) the extent of injury the inmate suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response).  Plaintiff's allegations show that on April 12, 2019, Officer Lachinov approached plaintiff's cell door to shut it, and plaintiff interrupted this action, in effect, by stepping into the doorway and telling Lachinov he would close the door later and that Lachinov was "hindering [plaintiff's] peace and subject to civil damages." (SAC at 8).  Lachinov allegedly responded by "slamm[ing]" plaintiff against the

---

[1]Plaintiff's Objections also cite the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 114 Stat. 803, 42 U.S.C. § 2000cc et seq., which was not referenced in the Second Amended Complaint.  To the extent plaintiff intends to assert a RLUIPA claim, it too would fail at least because plaintiff cannot satisfy his initial burden to plausibly allege that some government action imposed a "substantial burden" on the plaintiff's "religious exercise." 42 U.S.C. § 2000cc-1; Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1125 (9th Cir. 2013) ("To survive a motion to dismiss on [a] RLUIPA claim, plaintiffs must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of their religious beliefs.") (citation omitted).

cell door, "forc[ing]" plaintiff into handcuffs, and taking plaintiff to the "gym," where plaintiff was made to strip naked in front of other officers and be locked in a 3' by 3' "cage" for an hour in just his boxers. (SAC at 8). Although plaintiff contends that Lachinov's actions "could have" broken plaintiff's neck or arm (Objections at 8), plaintiff suffered no alleged physical harm, and there is nothing to suggest that further harm was intended. Rather, Lachinov responded to plaintiff's apparent disruption by using minimal physical force. See Hudson, 503 U.S. at 9-10 ("Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (citations and internal quotations omitted). Moreover, while plaintiff also alleges that he suffered emotional or psychological harms, such as anger, frustration, and depression (SAC at 8-9), these do not "rise to the level of severe psychological pain required to state an Eighth Amendment claim," nor did Lachinov's actions carry a "high probability" of causing severe emotional or psychological harm. Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting, in part, Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc)); see also e.g., Madrid v. Gomez, 889 F. Supp. 1146, 1264 (N.D. Cal. 1995) ("The Eighth Amendment simply does not guarantee that inmates will not suffer some psychological effects from incarceration or segregation."), mandamus denied, 103 F.3d 828 (9th Cir. 1996), cert. denied, 520 U.S. 1230 (1997).

Plaintiff also contends that he states an Eighth Amendment claim based on Lachinov's deliberate indifference to the risk that plaintiff would attempt suicide. (Objections at 10-12). Plaintiff has alleged only that he experienced "suicidal thoughts" after the alleged incident, not that he made any suicide attempt. (SAC at 8-9). Plaintiff nonetheless asserts that he is under "a strong likelihood of committing suicide at any given moment" because he does not "fear death," and that Lachinov had previously been notified about earlier suicide attempts.

(Objections at 4, 7). However, plaintiff still fails to allege facts showing that Lachinov knew plaintiff was "in substantial danger" of "*imminent* suicide[]" at the time of the incident, or that Lachinov's actions would be likely to increase that danger. Cf. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010) (claims of deliberate indifference in prison suicide cases require allegations that specific defendant actually knew that the inmate was "in substantial danger" of "*imminent* suicide[]" and deliberately failed to take reasonable precautionary measures) (emphasis in original; citation and quotation marks omitted), overruled in part on other grounds by Castro v. Los Angeles, 833 F.3d 1060 (2016), cert. denied, 137 S. Ct. 831 (2017); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (for Eighth Amendment deliberate-indifference claim, prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference").

In addition, plaintiff argues that he has stated a claim against defendant in his official capacity. However, as the Magistrate Judge explained, not only has plaintiff failed to demonstrate any violation of his constitutional rights, but plaintiff's Second Amended Complaint also failed to identify any policy or custom of the state or prison that was the moving force behind the asserted violations. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Plaintiff concedes this latter point. (Objections at 13). In the Objections, plaintiff argues that he has an official-capacity claim because he seeks injunctive relief[2] with respect to title 15, section

---

[2]The Second Amended Complaint makes no plea for injunctive relief. It seeks only monetary relief (see SAC at 10), which is unavailable for official-capacity claims against state officers. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself."); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under [Section] 1983
(continued...)

3004(b) of the California Code of Regulations, which states that "[i]nmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence."[3]  (Objections at 13).  According to plaintiff, defendant Lachinov unfairly disciplined him for violating this regulation in the alleged incident, resulting in plaintiff's "loss of good time credits and increase in points [a]ffecting [his] custody."  (Objections at 13-14).  However, plaintiff fails to explain how his allegedly unfair punishment was caused by the regulation itself or any related policy or practice of the institution, rather than the conduct of individual officers.[4]  See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A] governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.") (citations omitted).  In addition, to the extent that plaintiff also suggests that a policy can be demonstrated here based on unconstitutional CDCR policies found or alleged in other cases regarding treatment of mentally ill inmates, plaintiff fails

---

[2](...continued)
in federal court."); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment") (citations omitted).

[3]Plaintiff also points to two other subsections of section 3004, which state that inmates have the right to be treated respectfully and not be subjected to discrimination.  See Cal. Code Regs. tit. 15, § 3004(a),(c).  He also references section 3268, which provides that CDCR employees may not use unreasonable or excessive force.  See Cal. Code Regs. tit. 15, § 3268(b).  These provisions certainly do not support a claim against defendant in his official capacity; if anything, they show that CDCR has an official policy *against* the mistreatment of inmates.

[4]As the Magistrate Judge noted, to the extent plaintiff intends to challenge the outcome of his disciplinary proceedings which apparently have not themselves been overturned, such a claim would be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a due process challenge to prison disciplinary proceedings resulting in the loss of good time credits).

to show how the policies or conduct at issue in those cases relate to the conduct alleged here. (See Objections at 15-16) (citing Coleman v. Schwarzenegger, 922 F. Supp. 2d 882 (E.D. Cal. 2009); Plata v. Newsom, 445 F. Supp. 3d 557 (N.D. Cal. 2020); Armstrong v. Newsom, 484 F. Supp. 3d 808 (N.D. Cal.), appeal filed, No. 20-16921 (9th Cir. Oct. 2, 2020)).

In sum, plaintiff has failed to identify any error in the Magistrate Judge's Report and Recommendation. Accordingly, the Court overrules the Objections, and agrees with, approves, accepts and adopts the Screening Orders and the Report and Recommendation.

IT IS HEREBY ORDERED that (1) the Second Amended Complaint is dismissed without leave to amend as the Court finds, for the reasons explained at pages 20-21 of the Report and Recommendation, that granting plaintiff further leave to amend would be futile; (2) this action is dismissed with prejudice as to plaintiff's federal claims and without prejudice as to plaintiff's state law claims; and (3) Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on plaintiff and any counsel for defendant.

IT IS SO ORDERED.

DATED: September 10, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE